UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
NOV 22 2019
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

In re ZETIA (EZETIMIBE)
ANTITRUST LITIGATION

CIVIL ACTION NO. 2:18md2836

THIS DOCUMENT RELATES TO:
All cases

## ORDER

### Jurisdiction

1. This court has subject matter jurisdiction over this case and has jurisdiction over this action and each of the representative class plaintiffs FWK Holdings, LLC ("FWK"), Rochester Drug Co-Operative, Inc. ("RDC"), and Cesar Castillo, Inc. ("CCI"), and defendant Par.

### Certification of the Proposed
### Direct Purchaser Class for the Par Settlement

2. The court makes the following determinations as required by Rule 23 solely in connection with the proposed settlement with Par:

   a. Pursuant to Fed. R. Civ. P. 23(c)(1)(B), the court certifies the "Direct Purchaser Class for the Par Settlement," membership of which is defined as follows:

      All persons or entities in the United States and its territories that purchased Zetia or generic Zetia in any form directly from Merck, Glenmark/Par, or any agents, predecessors, or successors thereof from December 6, 2011 to

June 11, 2017 (the "Direct Purchaser Class for the Par Settlement").

Excluded from the class are Merck, Glenmark, Par, and any of their officers, directors, management, employees, parents, subsidiaries and affiliates.

Also excluded from the class are the government of the United States and all agencies thereof, and all state or local governments.

b. The Direct Purchaser Settlement Class for the Par Settlement has at least seventy-one (71) members geographically dispersed throughout the United States and Puerto Rico. Pursuant to Rule 23(a)(1), the court determines that the Direct Purchaser Settlement Class for the Par Settlement is so numerous that joinder of all members is impracticable.

c. Pursuant to Fed. R. Civ. P. 23(c)(1)(B), the court determines that the following issues relating to claims and/or defenses (expressed in summary fashion) present common, class-wide questions:

   i. Whether the conduct challenged by the Direct Purchaser Class Plaintiffs as anticompetitive in the First Amended Consolidated Class Action Complaint and Jury Demand, filed June 27, 2019 (ECF No. 315) (the "Direct Purchaser Class Complaint") constitutes a violation of Section 1 of the Sherman Act 15 U.S.C. § 1; and

2

ii. Whether the challenged conduct substantially affected interstate commerce and caused antitrust injury-in-fact to the Direct Purchaser Settlement Class for the Par Settlement, in the nature of overcharges paid as a result of the higher prices paid directly by Direct Purchaser Settlement Class members for brand or generic Zetia; and

d. The court determines that the foregoing class-wide issues relating to claims and/or defenses are questions of law or fact common to the Direct Purchaser Settlement Class for the Par Settlement that satisfy Rule 23(a)(2).

e. The Direct Purchaser Class Plaintiffs – FWK, RDC, and CCI – are hereby appointed as representatives of the Direct Purchaser Settlement Class for the Par Settlement for the following reasons:

i. The Direct Purchaser Class Plaintiffs allege on behalf of the Direct Purchaser Settlement Class for the Par Settlement the same manner of injury from the same course of conduct that they complain of themselves, and the Direct Purchaser Class Plaintiffs assert on their own behalf the same legal theory that they assert for the Direct Purchaser Settlement Class for the Par Settlement. The court therefore determines that the Direct Purchaser Class Plaintiffs' claims

are typical of the claims of the proposed Direct Purchaser Settlement Class for the Par Settlement within the meaning of Rule 23(a)(3); and

ii. Pursuant to Rule 23(a)(4), the court determines, in connection with and solely for purposes of settlement, that the Direct Purchaser Class Plaintiffs will fairly and adequately protect the interests of the Direct Purchaser Settlement Class for the Par Settlement. The Direct Purchaser Class Plaintiffs' interests in connection with settlement do not conflict with the interests of absent members of the Direct Purchaser Settlement Class for the Par Settlement. All of the Direct Purchaser Settlement Class members share a common interest in proving the defendants' alleged anti-competitive conduct, and all the Direct Purchaser Settlement Class members share a common interest in recovering the overcharge damages sought in the Direct Purchaser Class Complaint. The court further determines that Counsel for the Direct Purchaser Class Plaintiffs are well-qualified to represent the Direct Purchaser Settlement Class in this case, given their experience in prior cases and the vigor with which they have prosecuted this action thus far.

Pursuant to Rule 23(b)(3), the court determines that, in connection with and solely for purposes of settlement with Par, common questions of law and fact predominate over questions affecting only individual members. In light of the class-wide claims, issues, and defenses set forth above, the issues in this action that are subject to generalized proof, and thus applicable to the Direct Purchaser Settlement Class for the Par Settlement as a whole, predominate over those issues that are subject only to individualized proof. See <u>Amgen Inc. v. Conn. Retirement Plans and Trust Funds</u>, 568 U.S. 455, 469 (2013); see also <u>Am. Sales Co., LLC v. Pfizer, Inc.</u>, No. 2:14-cv-361, 2017 WL 3669604, at *13 (E.D. Va. July 28, 2017), <u>report and recommendation adopted</u>, No. 2:14-cv-361, 2017 WL 3669097 (E.D. Va. Aug. 24, 2017) ("Courts deciding whether to certify a class in delayed-entry cases like this one frequently find that common questions of fact and law will predominate when there has been an alleged violation of antitrust law.").

f.  Also pursuant to Rule 23(b)(3), the court determines that, in connection with and solely for purposes of the settlement with Par, a class action is superior to other available methods for the fair and efficient adjudication of this action. The court believes it is desirable, for

5

purposes of judicial and litigation efficiency, to concentrate the claims of the Direct Purchaser Settlement Class for the Par Settlement in a single action. The court also believes that there are few manageability problems presented by a case such as this, particularly in light of the settlement addressed by this Order.

g. Pursuant to Fed. R. Civ. P. 23(c)(1)(B) and 23(g), the court, having considered the factors provided in Rule 23(g)(1)(A), hereby appoints the following counsel as Lead Counsel for the Direct Purchaser Settlement Class for the Par Settlement consistent with the court's Order dated August 15, 2018 (ECF No. 105), and the duties and responsibilities described in that Order:

> Thomas M. Sobol Kristen A. Johnson
> Hagens Berman Sobol Shapiro LLP
> 55 Cambridge Parkway, Suite 301
> Cambridge MA 02142
> Tel: 617-482-3700
> Fax: 617-482-3003
> Email: tom@hbsslaw.com
> kristenj@hbsslaw.com

3. The court's class certification findings are solely for the purpose of settlement with Par and do not affect the Defendants' ability to object to litigation class certification of any class. Direct Purchaser Class Plaintiffs shall not rely on certification of the settlement

6

class to support certification of a litigation class in matters pending against the other Defendants.

**Preliminary Approval of the Proposed Settlement**

4. Upon review of the record, the court preliminarily finds that the proposed Settlement with Par, which includes expedited discovery and a covenant not to sue by Par in exchange for, inter alia, dismissal of the litigation against Par with prejudice and defined releases of claims by Direct Purchaser Class Plaintiffs and the Direct Purchaser Settlement Class for the Par Settlement as set forth in the Direct Purchaser/Par Settlement, is sufficiently fair, reasonable, and adequate, in the best interests of the members of the Direct Purchaser Settlement Class and one that responsible and highly experienced counsel could accept considering all relevant risks and factors of litigation, and arrived at by arm's-length negotiations.

**Approval of the Plan of Notice
to the Direct Purchaser Settlement Class**

5. The proposed form of Notice to the Direct Purchaser Settlement Class members of the pendency and proposed settlement of this action as against Par only ("Settlement Notice") and the proposed method of dissemination of the Settlement Notice by first class mail satisfy the requirements of Rule 23(e) of the Federal Rules of Civil Procedure and due process, are otherwise

7

fair and reasonable, and therefore are approved. Stated conclusions of law or fact set forth in the Notice are not binding on the court in later contested proceedings concerning any litigation class. No later than 15 days following the entry of this Order, Plaintiffs' Lead Class Counsel shall cause the Settlement Notice substantially in the form attached as Exhibit B to the Notice of Direct Purchaser Class Plaintiffs (ECF No. 649-2) to be disseminated via first class mail to the last known address of each entity that purchased brand or generic Zetia directly from a named defendant during the Class Period. Plaintiffs' Lead Class Counsel shall also cause the Settlement Notice to be posted on the internet at www.ZetiaAntitrustLitigation.com.

6. The Direct Purchaser Settlement Class members for the Par Settlement may request exclusion from the Direct Purchaser Settlement Class for the Par Settlement in accordance with the Settlement Notice substantially in the form attached as Exhibit B to Direct Purchaser Plaintiffs' Revised Proposed Notice to the Class of the Proposed Settlement with Par, (ECF No. 649-2), or object, no later than January 21, 2020. Plaintiffs' Lead Class Counsel or their designee shall monitor and record any and all opt out requests that are received.

7. Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Par shall serve notices as required under CAFA within ten (10)

business days from the date Direct Purchaser Class Plaintiffs file for preliminary approval of the settlement.

8. The court appoints RG/2 Claims Administration as Settlement Administrator to assist in disseminating the Settlement Notice to the Direct Purchaser Settlement Class.

**Final Fairness Hearing**

9. A hearing on final approval of the settlement (the "Fairness Hearing") shall be held before this court on March 6, 2020, at 11:00 AM Eastern Time, at the Walter E. Hoffman United States Courthouse, 600 Granby Street, Norfolk, VA 23510. At the Fairness Hearing, the court will consider, inter alia, (a) the fairness, reasonableness and adequacy of the settlement and whether the settlement should be finally approved; and (b) whether entry of a final judgment terminating the litigation against Par should be entered. The Fairness Hearing may be rescheduled or continued; in this event, the court will furnish all counsel with appropriate notice. Plaintiffs' counsel shall be responsible for communicating any such notice promptly to the Direct Purchaser Settlement Class for the Par Settlement by posting conspicuous notice on their websites and at www.ZetiaAntitrustLitigation.com.

10. Direct Purchaser Settlement Class members who wish to object with respect to the proposed settlement with Par and/or appear in person at the Fairness Hearing must first send an objection

and, if intending to appear, a notice of intention to appear, along with a summary statement outlining the position(s) to be asserted and the grounds therefore, together with copies of any supporting papers or briefs, via first class mail, postage prepaid, to the clerk of the U.S. District Court for the Eastern District of Virginia, Walter E. Hoffman United States Courthouse, 600 Granby Street, Norfolk, VA 23510, with copies to the following counsel:

> On behalf of the Direct Purchaser Class Counsel, Direct Purchaser Plaintiffs, and the Direct Purchaser Settlement Class:
>
> > Thomas M. Sobol Kristen A. Johnson
> > Hagens Berman Sobol Shapiro LLP
> > 55 Cambridge Parkway, Suite 301
> > Cambridge MA 02142
> > Tel: 617-482-3700
> > Fax: 617-482-3003
> > Email: tom@hbsslaw.com
> >         kristenj@hbsslaw.com
>
> On behalf of Par:
>
> > Benjamin Greenblum Williams & Connolly LLP
> > 725 Twelfth Street, N.W.
> > Washington, D.C. 20005
> > Tel: 202-434-5000
> > Email: bgreenblum@wc.com

The objection and/or notice of intention to appear shall state that they relate to <u>In Re: Zetia (Ezetimibe) Antitrust Litigation</u>, MDL No. 2836 (E.D. Va.). To be valid, any such objection to the settlement and/or notice of intention to appear

10

must be postmarked no later than January 21, 2020, and it must include the Direct Purchaser Settlement Class member's name, address, telephone number, and signature. Except as herein provided, no person or entity shall be entitled to contest the terms of the proposed settlement. All persons and entities who fail to file a notice of intention to appear or a letter stating reasons for objecting as provided above shall be deemed to have waived any objections by appeal, collateral attack, or otherwise and will not be heard at the Fairness Hearing.

11. All briefs and materials in support of final approval of the settlement and entry of the final judgment proposed by the parties to the settlement shall be filed with the court no later than 30 days before the final Fairness Hearing set in this Order.

12. All proceedings in this multi-district litigation against Par are hereby stayed until such time as the court renders a final decision regarding the approval of the Direct Purchaser/Par Settlement and, if it approves the settlement, enters final judgment and dismisses the Direct Purchaser Class Plaintiffs' action against Par with prejudice. However, the foregoing stay shall not affect any party's ability to obtain discovery from Par in accordance with the Federal Rules of Civil Procedure and the court's previous scheduling orders.

13. In the event the Direct Purchaser/Par Settlement is terminated in accordance with its provisions, (a) the settlement and all related proceedings shall become null and void and have no further force and effect; (b) Direct Purchaser Class Plaintiffs shall retain full rights to assert any and all causes of action against Par and any other party that would have been a released party had the settlement not been terminated; and (c) Par and any other parties that would have been released parties had the settlement not been terminated shall retain any and all defenses and counterclaims. In the event of termination, these actions, as well as any other actions against Par in this MDL stayed pursuant to the preceding paragraph, shall revert forthwith to their respective procedural and substantive status prior to the date of execution of the Direct Purchaser/Par Settlement and shall proceed as if the settlement and all other related orders and papers had not been executed by Direct Purchaser Class Plaintiffs and Par.
14. Neither this order nor the Direct Purchaser/Par Settlement nor any other settlement-related document or anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Direct Purchaser/Par Settlement or herein or in any other settlement-related document shall constitute, be construed as or be deemed to be evidence of or an admission or concession

by Par as to the validity of any claim that has been or could have been asserted against Par or as to any liability of Par or as to any matter set forth in this Order.

The Clerk is **DIRECTED** to send a copy of this Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

Rebecca Beach Smith
Senior United States District Judge

November 22, 2019