FILED
MAR - 6 2020
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

IN RE ZETIA (EZETIMIBE) ANTITRUST LITIGATION

This document relates to:

Direct Purchaser Actions

MDL No. 2:18-md-2836

## ORDER GRANTING DIRECT PURCHASER CLASS PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT AND ENTRY OF FINAL JUDGMENT AND ORDER OF DISMISSAL AS TO PAR

WHEREAS, this matter having come before the Court by way of Direct Purchaser Class Plaintiffs' Unopposed Motion for Final Approval of Settlement and Entry of Final Judgment and Order of Dismissal ("Final Approval Motion");

WHEREAS, on June 21, 2019, the direct purchasers[1] and the defendant Par Pharmaceutical, Inc. ("Par") entered into a settlement agreement that, if finally approved by the Court, will result in a settlement of the direct purchasers' claims in the above-captioned action (the "Settlement Agreement") (ECF No. 374);

WHEREAS, the terms of the Settlement Agreement provided that Par would provide, on an expedited basis, documents, data, and deposition testimony (including testimony at trial if necessary), in the ongoing litigation against Merck and Glenmark, and Par has done so to date;

WHEREAS, under the Settlement Agreement Par has also covenanted not to bring or assert claims or counterclaims against the remaining defendants arising under the Sherman or Clayton Acts relating to the conduct alleged in the direct purchasers' complaint;

---

[1] The direct purchaser plaintiffs include FWK Holdings, LLC, Rochester Drug Co-Operative, Inc., and Cesar Castillo, Inc.

1

WHEREAS in exchange for Par's agreements and covenants described above, the direct purchasers agreed to dismiss this case with prejudice as to defendant Par (only), to provide Par with a release of all claims that the direct purchasers have asserted against Par, and to seek a stay of all proceedings in this multi-district litigation as against Par in the interim between the date of settlement and the date of dismissal;

WHEREAS, on November 22, 2019, this Court granted Direct Purchaser Class Plaintiffs' Motion to Certify Class for Purposes of Settlement with Par Pharmaceutical, Inc., Appointment of Class Counsel, Preliminary Approval of Proposed Settlement, Approval Of Form And Manner Of Settlement Notice, Appointment Of Notice Administrator, A Stay of All Proceedings in the MLA as Against Par, and Setting the Final Settlement Schedule and Date for Fairness Hearing ("Preliminary Approval Order") (ECF No. 751);

WHEREAS, on November 22, 2019, a Court-approved settlement notice was mailed to each of the class members via postage-prepaid U.S. First Class mail, and the contents of the notice were posted on the litigation-specific website established by the settlement administrator (http://www.ZetiaAntitrustLitigation.com) (ECF No. 649-2);

WHEREAS, no class member has objected to the settlement, and the only class members to opt out are those retailer plaintiffs that had already been pursuing their individual claims before this Court at the time of the Settlement;

WHEREAS, this Court has considered, among other things, the materials filed in support of the direct purchasers' Final Approval Motion;

WHEREAS, this Court held a Fairness Hearing on March 6, 2020, and has considered all of the submissions and arguments with respect to the Settlement, and otherwise being fully informed, and good cause appearing therefore;

WHEREAS, this Order incorporates herein and makes a part hereof, the Settlement Agreement and Exhibit A thereto, and the Preliminary Approval Order.

WHEREAS, this Court has jurisdiction over this action and all parties thereto, including, but not limited to, all Class members, for all matters relating to this action, and the Settlement, including, without limitation, the administration, interpretation, effectuation, or enforcement of the Settlement and this Order.

WHEREAS, this Court has considered the direct purchasers' motion for Final Approval and their accompanying submissions and argument thereon, it is hereby ORDERED that these Motions are GRANTED.

## A. Direct Purchaser Class Plaintiffs' Final Approval Motion is Granted

### 1. Class Notice

1. The record shows, and the Court finds, that notice has been given to the Class in substantially the manner approved by this Court in its Preliminary Approval Order. This Court finds that such notice constitutes: (i) the best notice practicable to the Class under the circumstances; (ii) notice that was reasonably calculated, under the circumstances, to apprise the Class of the pendency of the action and the terms of the Settlement, their right to exclude themselves from the Settlement or to object to any part thereof, their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the orders, the Final Order, and the Final Judgment, whether favorable or unfavorable, on all persons who do not exclude themselves from the Settlement; (iii) due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Rule 23 of the Federal Rules of Civil Procedure, and any other applicable law.

2. Due and adequate notice of the proceedings having been given to the Class and a

full opportunity having been offered to Class members to participate in the Fairness Hearing, it is hereby determined that all Class members are bound by the terms of this Order.

    **2.**     **Final Approval of Settlement Agreement**

    3.     The Court further finds that the Settlement is fair, reasonable, and adequate in light of the factors set forth in *In re Jiffy Lube Securities Litigation*, 927 F.2d 155 (4th Cir. 1991), and based on the following factors, among others:

    a.     This antitrust litigation had been pending for a year-and-a-half and significant document discovery had been completed at the time leave to add Par was requested by the direct purchaser plaintiffs;

    b.     If the claims against Par had proceeded in this MDL, resolution of this litigation, including the trial date, would have, in all likelihood, been significantly delayed;

    c.     The Settlement was reached after extensive, arm's-length, and non-collusive negotiations among counsel highly experienced in litigating complex pharmaceutical antitrust cases such as this;

    d.     Despite confidence in their antitrust claims against Par, Class counsel recognized the hurdles in obtaining an enforceable judgement against Par in this MDL, including challenges to the direct purchaser class plaintiffs' standing, proof of conspiracy, and collectability of any monetary judgement from Par, which, at the time of Settlement, faced significant solvency concerns, among others;

    e.     There were no objections to the Settlement, and the only opt-out requests came from partial assignees of class members that have

been pursuing their own claims before the Court since early 2018;

f. Because almost all documentary discovery (save what was obtained from Par by way of this Settlement) had been completed at the time the Settlement was negotiated, Class Counsel had a full appreciation of the strengths and weaknesses of the direct purchaser class plaintiffs' case against Par when negotiating the Settlement;

g. The expedited discovery obtained from Par is well within the range of reasonableness in light of the best possible outcome against Par and the risks the parties faced if the case continued to verdicts as to liability, damages, and collectability.

4. Under Federal Rule of Civil Procedure 23(e), the Court hereby finally approves in all respects the Settlement and finds that it benefits the Class members through Par's cooperation, Par's covenant not to sue Merck or Glenmark, and avoidance of delay.

5. The Court further:

a. Finds the Settlement Agreement and its terms are a fair, reasonable, and adequate settlement as to Plaintiffs and the Direct Purchaser Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directs its consummation pursuant to its terms;

b. Directs that all of the Direct Purchaser Plaintiffs' claims in the MDL be dismissed with prejudice as to Par only and, except as provided for herein, without costs;

c. Prohibits the filing of any future claims against Par based on the conduct

alleged in the Zetia Antitrust MDL, including those alleged in the Direct Purchaser Plaintiffs' Amended Complaint;

d. Retains exclusive jurisdiction over the Settlement and this Settlement Agreement, including the administration and consummation of the Settlement;

e. Directs that the judgment of dismissal as to Par shall be final and appealable; and

f. Directs that, for a period of five (5) years, the Clerk of the Court shall maintain the record of those members, if any, who have timely excluded themselves from the Direct Purchaser Class ("Opt Outs") and that a certified copy of such records be provided to Par.

6. The Court further finds the Settlement and its administration, are in all respects, fair, reasonable, and adequate, and in the best interest of the Class, contains terms that responsible and experienced attorneys could accept considering all relevant risks and factors, and are in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and the Class Action Fairness Act (28 U.S.C. § 1715). Accordingly, the Settlement shall be consummated in accordance with its terms and provisions.

**B.    Final Judgment and Order of Dismissal**

IT IS HEREBY ADJUDGED AND DECREED PURSUANT TO RULE 58 OF THE FEDERAL RULES OF CIVIL PROCEDURE AS FOLLOWS:

7. Having found the Settlement to be fair, reasonable, and adequate, within the meaning of Rule 23(e) of the Federal Rules of Civil Procedure as to Class members, and that due, adequate, and sufficient notice has been provided to all persons or entities entitled to receive

notice satisfying the requirements of the United States Constitution (including the Due Process Clause), Rule 23 of the Federal Rules of Civil Procedure, and any other applicable law, the Final Approval Motion shall be granted and the Settlement shall be consummated in accordance with its terms as set forth in the Settlement Agreement.

8.  The claims against Par by the direct purchaser class plaintiffs in this MDL are hereby dismissed with prejudice.

9.  No costs or attorneys' fees are recoverable under 15 U.S.C. § 15(a) (and none are sought).

10. Releasors' Released Claims with respect to Releasees are hereby released, such release being effective as of the Effective Date.[2]

11. Releasors are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any Released Claims against the Releasees.

12. With respect to any non-released claim, no rulings, orders, or judgments in this Action shall have any *res judicata*, collateral estoppel, or offensive collateral estoppel effect.

13. In accordance with paragraph 1 (at p.4) of the Settlement Agreement and paragraph 1(c) of the Agreement and Covenant Not to Sue, Exhibit A to the Settlement Agreement (at p.2), the Agreement and Covenant Not to Sue is hereby effective, binding, and irrevocable.

14. This Court retains exclusive jurisdiction over the Settlement and the Settlement Agreement including its administration and consummation;

15. There being no just reason for delay, the Court directs that judgment of dismissal of all the direct purchasers' claims against Par Pharmaceutical, Inc. shall be final and appealable

---

[2] Capitalized terms in this paragraph are defined in the Settlement Agreement.

in accordance with Fed. R. Civ. P. 54(b). The Clerk of this Court is requested to enter this Order and Final Judgment.

    IT IS SO ORDERED.

Dated: __March 6__, 2020          BY THE COURT:

                                                                                                         /s/

                                                    **Rebecca Beach Smith**
                                                    **Senior United States District Judge**

                                                    Hon. Rebecca Beach Smith
                                                    United States District Judge